STATE v. MELVIN PETREE.

(Filed 15 June, 1938.)

**1. Homicide § 30—**

When there is no motion to nonsuit in a prosecution for homicide, the sufficiency of the evidence of premeditation and deliberation to warrant the submission of the question of guilt of murder in the first degree is not presented for review.

**2. Homicide § 25—**

Evidence in this case held sufficient to be submitted to the jury upon the question of defendant's guilt of murder in the first degree.

**3. Homicide § 30—**

The contention of error in the court's charge on the questions of premeditation and deliberation and on the plea of self-defense must be presented for review by proper exceptions to the charge.

**4. Homicide § 27b—**

When the court fully charges the law on the burden of proof it is not required that the court repeat "beyond a reasonable doubt" in the portion of the charge relating to the consideration to be given evidence of motive.

**5. Homicide § 10—**

    The evidence tended to show that defendant shot and killed the male companion of his estranged wife while they were seated in a cafe.  *Held:* An instruction that if defendant killed deceased with malice and premeditation and deliberation, and did it on account of his wife, the crime would be murder in the first degree, is without error.

**6. Homicide § 27g—**

    Instruction on question of conviction of lesser degrees of the crime charged *held* without error.

**7. Homicide § 27f—**

    An exception to the court's instruction that if the jury found from the evidence that defendant killed in his proper self-defense, as theretofore defined by the court, then its verdict would be not guilty, *held* untenable.

APPEAL by defendant from *Phillips, J.,* at November Term, 1937, of FORSYTH.  No error.

This is a criminal action in which the defendant was tried under a bill of indictment charging him with the capital felony of murder.

The defendant and his wife had separated.  On 14 September, 1937, the defendant went to the Central Sandwich Shop looking for his wife. She was sitting on one of the stools at the counter with Ozzie Collins. The deceased was sitting on a stool next to the defendant's wife.  When the defendant walked in he remarked: "I have run down on you all again."  He then called to his wife and she went to him.  In the conversation which followed she remarked to the defendant: "Melvin, this man is nothing to me."  The deceased then said: "No sir, mister, that lady ain't nothing to me."  The defendant then shot twice.  One bullet struck the deceased back of the left ear, causing almost instant death. All of the evidence other than that of the defendant tends to show that the deceased did not get up from the stool on which he was sitting until he was shot.  The defendant, however, testified that the deceased arose and started towards him, making a motion as if to put his right hand in his hip pocket, and that he, the defendant, then shot.

There was a verdict of guilty of murder in the first degree.  From judgment pronounced thereon the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Willis for the State.*

*A. B. Cummings for defendant, appellant.*

BARNHILL, J.  In his brief filed on this appeal the defendant contends that there are three questions of law presented for determination, to wit:

"(1) Was there sufficient evidence of premeditation and deliberation to warrant submission of murder in the first degree?

"(2) Did the court err in its charge of premeditation and delibera-
tion in failing to apply the law to the particular facts of this case?

"(3) Did the court err in applying the law to the facts relative to the
defendant's ·plea of self-defense?"

There is no exceptive assignment of error in the record which pre-
sents either one of these questions for determination. There was no
motion for judgment as of nonsuit. Therefore, the sufficiency of the
evidence is not challenged. However, it is not inappropriate to say that
the evidence is amply sufficient to be submitted to a jury on the question
of defendant's guilt or innocence on the charge contained in the bill of
indictment. There are certain exceptions to portions of the charge of
the court. Neither one of these exceptions involves either the alleged
failure of the court to properly charge the jury on premeditation and
deliberation, or on the defendant's plea of self-defense. Nor do they
present the alleged failure of the court to properly apply the law to the
facts developed by the evidence.

Exception No. 1 is to the following portion of the charge:

"It is not necessary, Gentlemen of the Jury, to show a motive for the
commission of a crime, where motive is not of its essence, but the jury
may consider the presence or absence of motive as established by the
evidence as tending to establish or negative malice or deliberation or
premeditation."

This assignment of error cannot be sustained. The court fully
charged the jury as to the law on the burden of proof and it was not
required to repeat "beyond a reasonable doubt" in that portion of the
charge excepted to.

Exception No. 2 is to the following portion of the charge:

"Court further charges you, Gentlemen of the Jury, if the defendant
in this case fixed in his mind prior to the killing the firm, fixed design
and intention to kill and after doing so, he premeditated within the
meaning of the law and deliberated within the meaning of the law, and
with malice he killed, and did it on account of his wife, it still would
be murder in the first degree."

This portion of the charge contains a correct statement of the law.

Exception No. 3 is directed to a portion of the charge which reads
as follows:

"If you find from the evidence and beyond a reasonable doubt that
the defendant shot and killed the deceased with malice and with pre-
meditation and deliberation, as heretofore defined and explained to you
by the court, then, Gentlemen of the Jury, it would be your duty to
return a verdict of guilty of murder in the first degree, and that would
be your verdict. If you fail to find the defendant guilty of the capital
crime of murder in the first degree, then by your verdict say whether
you find the defendant guilty of murder in the second degree, which is

the unlawful killing of a human being by another with malice, but without premeditation and deliberation. If you find the defendant guilty of murder in the second degree, that would be your verdict. If you fail to find the defendant guilty of murder in the first degree or murder in the second degree but do find that the defendant unlawfully killed the deceased, not with malice, not with premeditation, not with deliberation, but unlawfully killed him, then your verdict would be guilty of manslaughter."

In this statement of the law we can see no error.

Exception No. 4 is as follows:

"But, on the other hand, if you find from the evidence in the case, Gentlemen of the Jury, that the defendant neither killed with malice, nor with premeditation, nor with deliberation, nor unlawfully, but that the defendant killed in proper self-defense of his life and person, as heretofore defined and explained to you by the court, then, Gentlemen of the Jury, your verdict would be not guilty."

We are unable to discover any merit in this exception.

Defendant's other exceptions are formal.

We have carefully examined the record proper and find no error therein. Defendant's exceptive assignments of error as herein set forth in detail present no meritorious cause for disturbing the verdict. It follows that there was no error in the trial and the judgment is affirmed.

No error.